O’NIELL, J.
Plaintiff appeals from a judgment rejecting his -demand and dismissing his suit to annul a municipal bond issue and a special tax levied for its payment. His only complaint is that the special election at which the bond issue and the tax were authorized was called, and the result proclaimed and promulgated, by the board of aldermen composed of only three members of the village of Iota, after the Govern- or had signed a proclamation converting the village into a town. The ordinance calling the election was adopted by the mayor and board of aldermen of the village on the 6th of January, 1920. The election was held on the llfh of February, 1920, and the result was proclaimed and promulgated by the mayor and board of aldermen of the village on the next day. In July, 1920, the mayor and board of aldermen received from the Governor a proclamation which he had signed on the 16th day of December, 1919, elevating the municipality from the status of a village to that of a town, according to the provisions of section 8 of Act 136 of 1S98. The municipal authorities were not informed of the proclamation until July, 1920. On the 15th of that month the Governor appointed two additional aldermen, thus creating a board composed ■ of five members for the town of Iota. The proclamation of the Governor was recorded and published on the 17th of July, 1920, and the two new aider-men qualified, and the board composed of five aldermen was thus organized, on the 3d of August, 1920. The ordinance incurring' the debt, authorizing the bond issue, and levying the tax was adopted by the new board of aldermen on the 3d of March, 1921.
[1, 2] Section 8 of Act 136 of 1898 requires that a proclamation of the Governor changing the status of a municipality from that of a village to that of a town, or from that of a town to that of a city, shall be published and recorded by the municipal authorities, the same as an ordinance is required to be recorded and published. The proclamation, therefore, did not go into effect until it was recorded and published. The board of aldermen of the village retained its authority to represent the municipality until the two new members were qualified and the new board was thus organized. The board of aldermen of the village, therefore, had .authority to call the election and to proclaim' and promulgate the result before the proclamation of the Governor creating the town of Iota was recorded and published and before the new board of aldermen was organized.
The judgment appealed from is affirmed at appellant’s cost.